UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLYDE MOORE, JR. * | |
| Plaintiff, | * |
| | CIVIL ACTION |
| VERSUS | |
| | *   NO. |
| KANSAS CITY SOUTHERN RAILWAY, * | SECTION " " |
| Defendant. | * |
| | MAGISTRATE: |

* * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES**

The Complaint of Clyde Moore, Jr., a person of the full age of majority, and a resident of Amite, Louisiana, respectfully represents the following:

**I.**

Defendant, Kansas City Southern Railway (hereinafter referred to as "KCS"), is a corporation with a primary place of business located at 427 West 12th Street, Kansas City, Missouri 64105 and authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C., Sec. 51, et seq., and Code of Federal Regulations Title 49, Sec. 213.37, to recover damages for personal injuries sustained by Plaintiff while employed by Defendant KCS, and while engaging in interstate commerce.

1

**III.**

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. 1337.

**IV.**

At all times material hereto, Plaintiff is and/or has been an employee of Defendant KCS and its predecessor corporations, for which Defendant KCS is liable, and the injuries and damages sustained by Plaintiff, as hereinafter set forth, were sustained by Plaintiff while engaged in the course of his employment duties, and in furtherance of interstate commerce and directly or closely and substantially effecting such commerce.

**V.**

Defendant KCS is and was at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout Louisiana.

**VI.**

Throughout his career, while performing his duties in his usual customary and safe manner, as a trackman and later a locomotive engineer for Defendant KCS, Plaintiff was required to work in, on and around locomotive engines and other equipment in areas which subjected Plaintiff to excessive and harmful levels of exposure to toxins including, but not limited to pesticides, herbicides, diesel exhaust and other deleterious substances.

**VII.**

Plaintiff has been injured as a result of ongoing exposure and contact with the pesticides, herbicides, diesel exhaust and other deleterious substances.

**VIII.**

Less than three years before this action was filed, Plaintiff discovered that he suffered

2

from non-Hodgkin's lymphoma caused or contributed to by his exposures to the various toxins while employed by the railroad.

### IX.

Under the provisions of 45 U.S.C. Sec. 51 et seq., Defendant KCS had a non-delegable duty to provide Plaintiff with a reasonably safe place in which to work; thus, KCS must stand responsible for the injuries and damages it caused to Plaintiff.

### X.

Plaintiff avers that his injury was caused wholly and entirely as a consequence of the negligence of Defendant in the following non-exclusive particulars:

  a) In negligently failing to exercise reasonable care to provide Plaintiff with a reasonably safe place to work;

  b) In the negligent and careless operation of Defendant's operations regarding the use of, handling of and exposure to pesticides, herbicides, diesel exhaust and/or other dangerous substances;

  c) In negligently failing to provide Plaintiff with reasonably necessary safety equipment and instructions for the work that Plaintiff was required to do involving pesticides, herbicides, diesel exhaust and/or other dangerous substances;

  d) In negligently failing to provide reasonable and adequate safety instructions and reasonably safe shop practices regarding the use and exposure to pesticides, herbicides, diesel exhaust and/or other dangerous substances;

e) In the negligent failure to promulgate and enforce rules concerning the safe handling of pesticides, herbicides, diesel exhaust and/or other dangerous substances;

f) In the negligent use of pesticides, herbicides, diesel exhaust and/or other dangerous substances;

g) In negligently failing to provide Plaintiff with protective equipment designed to protect him from exposure to dangerous levels of pesticides, herbicides, diesel exhaust and/or other dangerous substances, and to enforce the use of such proper safety equipment;

h) In negligently failing to provide proper training to its employees relative to contact, use, handling and exposure regarding pesticides, herbicides, diesel exhaust and/or other dangerous substances, and the proper fitting and testing of personal protective equipment;

i) In failing to comply with applicable government regulations regarding the use of, handling of, and exposure to pesticides, herbicides, diesel exhaust and/or other dangerous substances;

j) In negligently failing to monitor air quality standards to determine whether employees of Defendant have been subjected to hazardous levels of pesticides, herbicides, diesel exhaust and/or other dangerous substances in excess of established permissible exposure limits;

k) In negligently failing to periodically examine employees such as Plaintiff for physical effects from exposure to pesticides, herbicides, diesel exhaust

4

    and/or other dangerous substances, and failing to take appropriate action including advising Plaintiff as to the test results;

l) In failing to exercise reasonable care to adequately warn employees, including Plaintiff, of the risks, dangers and harm to which they were exposed in working with and around pesticides, herbicides, diesel exhaust and/or other dangerous substances;

m) In negligently requiring and/or allowing Plaintiff to be exposed to excessive levels of pesticides, herbicides, diesel exhaust and/or other dangerous substances when it knew of the risks thereof;

n) In negligently failing to make reasonable efforts to ascertain the risks and hazards of excessive exposure to pesticides, herbicides, diesel exhaust and/or other dangerous substances and the potential health risks; and,

o) In negligently failing to use due care and caution required under the circumstances.

## XI.

As a direct result of the negligence of Defendant KCS, Plaintiff has developed non-Hodgkin's lymphoma requiring him to receive numerous diagnostic tests and extensive medical treatment in an attempt to cure or put into remission the occupational disease suffered as a result of his exposures to the various toxins.

## XII.

Plaintiff avers that he was in no way at fault nor did he negligently contribute to the development of the non-Hodgkin's lymphoma in any fashion.

## XIII.

Plaintiff seeks recovery reasonable in the premises for the following elements of damages resulting from Defendant's negligent actions:

1. Physical pain and suffering, past and future;

2. Mental anguish, past and future;

3. Past lost wages to the date of trial;

4. Loss of future earnings and fringe benefits, diminished earning capacity and diminished labor market access;

5. Unpaid medical expenses, past and future; and

6. Loss of enjoyment of life.

WHEREFORE, Plaintiff, Clyde Moore, Jr. prays that Defendant, Kansas City Southern Railway, be duly cited and served with a copy of this Complaint and made to answer same, and after due proceedings are had, there be judgment rendered herein in favor of Plaintiff, Clyde Moore, Jr., and against Defendant, Kansas City Southern Railway, for any and all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

        Respectfully submitted,

        **ROME, ARATA & BAXLEY, L.L.C.**

BY:    /s/ C. Perrin Rome, III_____
        **C. PERRIN ROME, III, Bar No. 17774**
        BLAKE G. ARATA, JR., Bar No. 1697
        W. CHAD STELLY, Bar No. 21140
        Poydras Center – Suite 2017
        650 Poydras Street
        New Orleans, Louisiana 70130
        Telephone: (504) 522-9980
        Facsimile: (504) 522-9971
        E-mail: prome@romearata.com

        Attorneys for Plaintiff,

<b>CLYDE MOORE, JR.</b>

**PLEASE SERVE:**

**KANSAS CITY SOUTHERN RAILWAY**
through its Agent for Service of Process: